1831.

Jenkins
v.
Wilde.

---

## S. & J. F. JENKINS *vs.* WILDE and others.

A master has no authority to allow an injunction, to stay proceedings at law after judgment, except upon the terms prescribed by the statute ; and if the injunction has been issued without depositing the amount of the judgment, and giving the bond as required by the statute, it will be set aside for irregularity.

If the suit at law is not at issue, the master should direct the provision directed by the 33d rule, to be inserted in the injunction, unless the injunction is founded on a mere bill of discovery.

If issue has been joined in the suit at law, the master should take the bond and security, as directed by the statute in such cases, and direct that it be filed with the proper officer before the issuing of the injunction.

Where there has been a verdict, the master should ascertain and direct the amount to be deposited ; and if a judgment has been obtained, he should not only direct the amount of the judgment to be deposited, but should also take a bond and security to answer the damages and costs, in case the injunction should be dissolved.

None but the court, after verdict or judgment, can dispense with the actual deposit of the debt and costs, before the issuing of the injunction.

If the register or clerk discovers that the statute relative to injunctions has not been complied with, by the injunction master, he should not issue the process without the special directions of the court.

IN this case the master allowed an injunction to restrain proceedings in a suit at law, after judgment. The certificate on which the order for the injunction was obtained did not state that a judgment had been rendeted. The injunction was therefore issued without depositing the amount of the judgment and without filing a bond with sureties, as required by the statute. (2 R. S. 189, § 141.)

1831.

Jenkins.
v.
Wilde.

April 7th.

The CHANCELLOR ordered the injunction to be set aside for irregularity. He said the statute was imperative; and that the master had no authority in such a case to allow an injunction to stay the proceedings on a judgment, except upon the terms prescribed by the statute. That it was the duty of the master to ascertain from an examination of the bill, the situation of the suit at law; and if no issue had been joined, he should, in his certificate, direct a provision to be inserted in the injunction according to the thirty-third rule, permitting the party to proceed to judgment; unless it was a bill of discovery merely. That where the suit at law was at issue, it was the master's duty to take from the complainant a bond and security, as required by the 139th section of the statute; and to specify in his certificate that such bond was to be filed with the proper officer before the issuing of an injunction. That if a verdict had been obtained in a personal action, the master should ascertain the amount of the debt or damages recovered by the verdict, and of the probable costs in the suit, and should specify in a certificate the sum to be deposited. If the verdict was in a real or mixed action, he should take from the complainant a bond and security, as required by the 144th section. And if a judgment had been rendered in the cause, the master should direct the full amount of the judgment and costs to be deposited; and should also take a bond and security for the payment of the plaintiff's damages, by reason of the injunction, and such costs as might be awarded to him in this court. That no one but the chancellor or vice chancellor, before whom the bill was filed, had a right to take a bond and security in lieu of the actual deposit of the money, after verdict or judgment. And that even the court could not dispense with the security in any of

the cases mentioned in the 5th article, ( 2 R. S. 188,) unless there had been actual fraud in obtaining the verdict or judgment. The Chancellor further stated, that in every case where an injunction was obtained contrary to the statute, or to the thirty-third rule of the court, the defendant might apply and have it set aside for irregularity, with costs. And that if the register or clerk, with whom the bill was filed, discovered that the master had allowed an injunction contrary to the provision of the statute or to the standing rules, he might decline to enter an order for the injunction on the master's certificate, and refer the question to the court.