## BENJAMIN MARLATT vs. ALFRED PERRINE.

1. A judgment entered by confession upon a bond with warrant of attorney, is within the provisions of the statute, (*Nix. Dig.* 97, § 11), requiring the defendant to give security before the issuing of an injunction to stay proceedings at law in any *personal action after verdict or judgment*.

2. Where an injunction is granted contrary to the statute, the party is entitled to summary relief. He will not be put to his motion to dissolve.

3. Injunction ordered to be set aside with costs, unless complainant within three days deposit the money, or give the security required by the statute; in which event the injunction to stand.

Upon filing the bill in this cause, an injunction issued pursuant to the prayer thereof. The defendant having answered the bill, now moves to dissolve the injunction on the ground of irregularity; it having been issued without the security required by the statute.

*Mr. E. T. Green*, for defendant, in support of the motion.

*Mr. J. Wilson*, for complainant, contra.

THE CHANCELLOR. The complainant, by his bill, seeks relief against a judgment recovered against him upon bond with warrant of attorney to confess judgment, and to enjoin a sale under an execution issued upon the judgment. The injunction issued without the security required by the statute. *Nix. Dig.* 97, § 11.

The statute declares that no injunction shall issue to stay proceedings at law in any *personal action after verdict* or *judgment*, on the application of a defendant in the said proceedings at law, unless a deposit be made, or security given, in compliance with the terms of the act. The only question is, whether a judgment, entered by confession upon a bond with warrant of attorney, is within the requirements of the statute.

It is clearly within the terms of the act. A judgment entered by confession upon bond with warrant of attorney, is a judgment in a personal action. A proceeding under the act entitled " an act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments," is an action of debt. It is so styled in the act itself. *Section* 1. It falls within every recognized definition of an action. It is a remedial instrument of justice, whereby redress is obtained for a right withheld. So it is the method prescribed by statute and by the rules and practice of the court for the recovery of a debt due. 3 *Bl. Com.* 116, 117; 1 *Sellon's Prac., Introduction* 73.

If the judgment had been entered by confession in open

court, according to the recognized form of the common law, it would clearly have been a judgment in a personal action. That the judgment is entered in the form prescribed by the statute does not alter the substance of the thing. Though I find no adjudicated case in this state, such is believed to have been the construction uniformly given to the statute. In New York, under a similar statute, it is well settled that a judgment obtained by confession upon a bond with warrant of attorney, is within its provisions. 2 *Rev. Stat. N. Y.* 189, § 141; 1 *Eden on Inj.* 144, *note* 2; *Farrington* v. *Freeman*, 2 *Edw. Ch. R.* 572; *Christie* v. *Bogardus*, 1 *Barb. Ch. R.* 167.

The statute is imperative. There is no authority to issue the injunction, except upon the terms prescribed by the statute. The party will not be put to his motion to dissolve the injunction. It will be set aside for irregularity. Where an injunction is granted contrary to the statute, the party is entitled to summary relief. *Jenkins* v. *Wilde*, 2 *Paige* 394.

The injunction must be set aside with costs, unless the complainant within three days deposit the money, or give the security required by the statute, in which event the injunction to stand.

This course was adopted in *Cook* v. *Dickerson*, 2 *Sandf. S. C. R.* 691, and is warranted by a fair interpretation of the statute. If the injunction were set aside, a new one would be granted immediately upon the complainant's giving the requisite security.